# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2022

Lyle W. Cayce
Clerk

No. 20-40405

United States of America,

*Plaintiff—Appellee*,

*versus*

Bryan Majors,

*Defendant—Appellant*.

Consolidated With

No. 20-40656

United States of America,

*Plaintiff—Appellee*,

*versus*

Max Majors,

*Defendant—Appellant*.

No. 20-40405

c/w No. 20-40656

---

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CR-21-3
USDC No. 4:19-CR-21-4

---

Before KING, GRAVES, and HO, *Circuit Judges.*

PER CURIAM:*

In separate appeals, Bryan Majors and Max Majors challenge the district court's order holding them jointly and severally liable for $500,500 in restitution. They contend that the restitution award is not supported by record evidence of the victim's loss and thus exceeds the statutory maximum. Because they implicate common facts and issues, we sua sponte consolidate the appeals under FED. R. APP. P. 3(b)(2). We vacate the restitution order and remand for recalculation.

## I.

Bryan Majors and his brother, Max Majors, both pleaded guilty to kidnapping and aiding and abetting. *See* 18 U.S.C. §§ 2, 1201(a)(1) and (c). The brothers were part of a residential robbery scheme in which two assailants entered the victim's home, subdued her, and threatened to harm her son if she did not reveal where her money was stored. After she pointed the assailants to her safe, one of them pried it open and seized what was inside. The assailants left the home with considerable cash and other valuables.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40405
c/w No. 20-40656

In the plea agreements, Bryan and Max waived their right to appeal their convictions and sentences, as well as the district court's restitution order. The district court sentenced Bryan to 180 months of imprisonment, and Max to 240 months. The court also determined that the brothers, together with their co-defendants, were jointly and severally liable for $500,500 in restitution. Neither Bryan nor Max objected to the restitution order.

The brothers filed separate appeals. Counsel moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), but we determined that the cases may present a nonfrivolous issue of whether the restitution award exceeds the statutory maximum. Counsel then mooted their motions to withdraw by filing merits briefs, and we now consolidate the appeals.

## II.

Before reaching the merits, we must determine whether this appeal is barred by the plea agreements. We review that question de novo. *United States v. Leal*, 933 F.3d 426, 430 (5th Cir. 2019).

"[A] defendant may, as part of a valid plea agreement, waive his statutory right to appeal his sentence." *United States v. Melancon*, 972 F.2d 566, 568 (5th Cir. 1992). And we will generally enforce a "knowing and voluntary" waiver that "applies to the circumstances at hand." *Leal*, 933 F.3d at 430 (quotations omitted). Neither brother "contests the knowing and voluntary nature of the waiver[s]," so we can "skip straight to step two." *United States v. Graves*, 908 F.3d 137, 139 (5th Cir. 2018).

The plea agreements state that each brother waived his right to appeal the restitution order. Even so, "an otherwise valid appeal waiver is not enforceable to bar a defendant's challenge on appeal that his sentence, including the amount of a restitution order, exceeds the statutory

3

maximum." *United States v. Kim*, 988 F.3d 803, 811 (5th Cir. 2021). *See also Leal*, 933 F.3d at 431 (holding that an appeal waiver does not bar a claim that the restitution award exceeds the statutory maximum).

That is precisely what the brothers argue on appeal—that the $500,500 restitution award exceeds the amount authorized by statute. They claim that the district court failed to support the award with record evidence that the victim suffered a $500,500 loss. And as we've explained, "if a court orders a defendant to pay restitution without determining that the defendant's conduct proximately caused the victim's claimed losses, the amount of restitution necessarily exceeds the statutory maximum." *Kim*, 988 F.3d at 809 (cleaned up).

Accordingly, the waivers do not bar this appeal. We therefore turn to the merits.

### III.

The parties dispute whether our review on the merits is for plain error or de novo. Generally, when a party fails to preserve a legal argument, we review for plain error. And that is how many of our cases have treated unpreserved arguments against the legality of restitution orders. *See, e.g.*, *Leal*, 933 F.3d at 431 ("We review the district court's restitution order for plain error under Rule 52(b) because Leal did not object below."); *United States v. Rosbottom*, 763 F.3d 408, 419 (5th Cir. 2014) (same).

But we have strayed from this approach in other cases. *See, e.g.*, *United States v. Penn*, 969 F.3d 450, 458 (5th Cir. 2020) ("Because a restitution order that exceeds the court's statutory authority is an illegal sentence, which always constitutes plain error, we review de novo the legality of a restitution order, regardless of whether the defendant raised this objection at sentencing."), *cert. denied*, 141 S. Ct. 2526 (2021); *United States*

No. 20-40405

c/w No. 20-40656

*v. Nolen*, 472 F.3d 362, 382 (5th Cir. 2006) (same). In any event, our holding here is the same under either standard.

A district court may order restitution only if authorized by statute. *Penn*, 969 F.3d at 458. The presentence reports (PSRs), which the district court used as the basis for its restitution order, relied on the Mandatory Victims Restitution Act of 1996 (MVRA). *See* 18 U.S.C. § 3663A.

Under the MVRA, a court must impose restitution for certain offenses, such as crimes of violence under 18 U.S.C. § 16, "in which an identifiable victim or victims has suffered a physical injury or pecuniary loss." § 3663A(a)(1), (c)(1)(A)–(B). Restitution is limited "to the actual loss directly and proximately caused by the defendant's offense," and "every dollar must be supported by record evidence." *United States v. Sharma*, 703 F.3d 318, 323 (5th Cir. 2012). "An award of restitution greater than a victim's actual loss exceeds the MVRA's statutory maximum." *Id.* at 322.

On the record before us, the evidence does not support "every dollar" of the $500,500 restitution award. The district court relied only on the PSRs in imposing its restitution order. Although "a PSR ordinarily bears sufficient indicia of reliability to be considered evidence by the district court," the PSRs here lack an "adequate evidentiary basis" for $500,500 in restitution. *United States v. Cantu-Ramirez*, 669 F.3d 619, 629 (5th Cir. 2012).

That is because the PSRs are internally inconsistent and filled with gaps. The PSRs first relay the victim's statement that her safe held firearms and $482,000 in currency. Then the PSRs note that the victim "was unaware of the contents of the safe" and perhaps could not account for everything that was taken. Yet the PSRs later cite the victim's claim that she lost $460,000 in currency. They also reference her victim impact statement, which lists other stolen items, including jewelry, a cell phone, bonds, and gold teeth and necklaces. Without estimating the value of these items, the victim requested

No. 20-40405

c/w No. 20-40656

$500,500 in restitution. And that's exactly what the district court ordered, despite her request being $500 higher than the case agent's similarly unsupported estimate.[1]

In short, the record evidence lacks "sufficient indicia of reliability" to support a $500,500 restitution award. *Cf. Kim*, 988 F.3d at 813 ("[T]he district court erred in ordering restitution based on the speculative loss amount contained in the PSR."); *United States v. Arledge*, 553 F.3d 881, 899 (5th Cir. 2008) (vacating restitution award because less than 1% of the total was unsupported by record evidence).

We accordingly vacate the district court's restitution order and remand for recalculation. On remand, we encourage the district court to consider whether the MVRA is the proper statutory authorization for restitution in this case. We express no view on the matter, as the parties did not brief the issue, and because we believe remand is appropriate in any event. But we note that a "crime of violence" under the MVRA must satisfy 18 U.S.C. § 16. *See* § 3663A(c)(1)(A)(i). The district court should determine whether kidnapping qualifies as a crime of violence under that provision. *See* § 1201(a)(1) and (c).

---

[1] The victim also appears to have sought restitution for her new alarm system, which includes a $65 monthly charge and a $100 installation fee. On remand, the district court should consider whether these costs are eligible for recovery in restitution. *See generally United States v. Koutsostamatis*, 956 F.3d 301 (5th Cir. 2020).